# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSHUA CROFT,<br><br>    Defendant. | 2:13-cr-00019-RCJ-GWF<br>2:13-cr-00054-RCJ-CWH<br><br>**ORDER** |

Pending before the Court are Defendant's Motion for Writ of Habeas Corpus (ECF No. 91) and his Motion to Vacate (ECF No. 92) both pursuant to 28 U.S.C. § 2255. For the reasons contained herein, the Motions are denied.

**I.   FACTS AND PROCEDURAL HISTORY**

On December 11, 2013, Defendant Joshua Croft pleaded guilty to conspiracy to interfere with commerce by robbery, interference with commerce by robbery, brandishing a firearm in furtherance of a crime of violence, and witness tampering. Defendant was sentenced to a total of 155 months in prison, with judgment entered on April 16, 2014. Defendant did not appeal his conviction. On April 16, 2015, Defendant filed the instant Motions. Defendant argues that his sentence should be reduced because he was given ineffective assistance of counsel in relation to his plea agreement. The Court ordered the Government to respond, which it did. (ECF No. 94). Defendant did not reply.

1

## II. LEGAL STANDARD

A prisoner sentenced under federal law may move the court which imposed the sentence to vacate, set aside, or correct the sentence if the prisoner can show: (1) that the court was without jurisdiction to impose the sentence, (2) that the sentence was in excess of the maximum authorized by law, or (3) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The general rule is that a substantive legal argument that is not raised in a direct appeal of the prisoner's conviction and sentence is procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982). However, a claim for ineffective assistance of counsel "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate "two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* To attack a guilty plea based on ineffective assistance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In other words, counsel's performance must have been so deficient "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

"Second, the defendant must show that the deficient performance prejudiced the defendant." *Id.* Counsel's errors must have been so serious as to question the reliability of the trial or proceeding. *Id.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Id.* In making this determination, the court considers the "totality of the evidence"

2

and must ask "if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696.

### III. DISCUSSION

Defendant offers three grounds in support of his Motion.  First, Defendant contends that his trial counsel failed to adequately oppose the sentence enhancement that was applied for reckless endangerment during flight. (Mot. to Vacate 5, ECF No. 92).  Second, Defendant argues that counsel failed to analyze the combined adjusted offense level on which the sentence was based. (*Id.* at 9).  And third, Defendant believes his counsel failed to adequately challenge his attributed criminal history, which he argues resulted in a higher sentence. (*Id.* at 10).

**A. Ground 1**

Defendant's contention that his trial counsel failed to adequately argue against the reckless endangerment enhancement is unavailing.  The Guidelines state that "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officer, [the sentence is] increase[d] by 2 levels." U.S.S.G. § 3C1.2.  Defendant argues that the enhancement was improper because his fleeing from officers did not amount to a substantial risk of death or serious bodily harm.  Defendant's counsel, however, raised this exact argument. (*See* Sentencing Mem. 14–15, ECF No. 76).

In his pre-sentencing memorandum, Defendant challenged the applicability of the enhancement by stating that the there was "[n]o indication . . . that speed was involved" or that "a 'chase' ever took place." (*Id.* at 15).  But Defendant contends his counsel was still deficient because he failed to cite more persuasive caselaw and did not take an even firmer stand on the issue.  Just because Defendant's current counsel would have cited different cases and argued more vigorously on this point does not render his trial counsel's performance deficient.  The

argument against enhancement was raised and the Court considered it.  Defendant has therefore failed to satisfy the first *Strickland* prong under Ground 1.

The Court notes further that even if Defendant's counsel had cited the cases now raised in the instant Motion or if counsel would have more vigorously opposed the enhancement in some way, the Court nevertheless would have still applied it.  Defendant fled from police on a public street, and while doing so, threw a handgun out the window. (Plea Agreement 6, ECF No. 62). Fortunately, the gun did not discharge when it was thrown from the vehicle and police were able to recover it. (*Id.*).  Even if Defendant's counsel had taken the measures now identified by Defendant, there is certainly no reasonable probability that the Court would have ruled differently given the reckless behavior demonstrated by Defendant.  There is therefore no prejudice under the second *Strickland* prong as to Ground 1.

**B. Ground 2**

The second ground Defendant cites in support of his Motions is that trial counsel failed to realize that the offenses for robbery and witness tampering were inappropriately combined to increase the offense level. (Mot. to Vacate 9).  Defendant's charge for witness tampering arose from his threatening co-defendant and state witness, Chilicia Jamerson, with physical violence for her cooperation with the prosecution. (*See* Plea Agreement 7).

If a defendant is convicted both of an obstruction offense and an underlying offense, meaning the offense with respect to which the obstructive conduct occurred, the count for the obstruction offense is grouped with the count for the underlying offense under U.S.S.G. § 3D1.2(c). *See* U.S.S.G. § 3C1.1, Application Note 8.  Defendant was sentenced based on a combined adjusted offense level that counted one unit each for the robbery offense and the witness tampering offense, as well as a half a unit for the conspiracy charge.  However, since the

robbery offense to which Defendant pleaded guilty was the underlying offense to which the witness tampering was related, the Government concedes that those offenses should have been combined. (Resp. 10, ECF No. 94). Accordingly, the total number of levels to be added to Defendant's base offense should have been two, rather than three. *See* U.S.S.G. § 3D1.4 (indicating that if the number of units equals two, the offense level increases two levels, whereas two-and-a-half units requires a three level increase); (*c.f.* Plea Agreement 10 (stating that the total number of units equaled two-and-a-half instead of just two)).

Defendant's counsel should have realized this mistake, and failure to do so likely fell below the objective standard for effective assistance. Despite this mistake, though, the error was harmless. Defendant was sentenced to 71 months in prison for the robbery, the conspiracy to commit robbery, and the witness tampering. This was well within what the Guidelines suggest given Defendant's criminal history regardless of whether he was sentenced under an offense level 19, as he argues was appropriate, or whether he was sentenced under an offense level 20 or 21.[1] *See* Sentencing Table, Federal Sentencing Guidelines Manual App. G. The Court, therefore, finds that Defendant has not demonstrated prejudice as required by *Strickland*.

**C. Ground 3**

Defendant's final argument in support of his Motion is that trial counsel failed to properly contest the five point criminal history attributed to him during sentencing. In the pre-sentencing memorandum, Defendant challenged the five point history by arguing that based on the information contained in the Pre-Sentencing Report, "there [was] no indication that the three separate felonies for which CROFT was sentenced were derived from three separate and distinct

---

[1] Defendant was also sentenced to 84 months imprisonment for brandishing a firearm during the robbery. *See* 18 U.S.C. § 924(c). This is a mandatory sentence consecutive to any other sentence, *see id.* § 924(c)(1), and Defendant does not challenge its validity.

5

criminal incidents. To the extent that these three felonies are not from three separate incidents, CROFT objects to the addition of 2 extra points . . . ." (Sentencing Mem. 15).

Defendant contends that his prior counsel should have gone beyond these statements "to explain in detail why [his] prior offenses in paragraph 46 of the PSR should not be treated as separate offenses" and that "more important," his counsel "failed to object whatsoever to the increase provided at paragraph 47 of the PSR." (Mot. to Vacate 10). As the Government points out, Defendant has not offered any explanation of the type of argument his counsel should have made regarding paragraph 46 of the PSR. And simply contending that a more persuasive argument could have been proffered certainly does not satisfy the deficiency prong of *Strickland*. *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

As to paragraph 47 of the PSR, Defendant argues that "it is clear that no sentence was actually served in that Nevada State case. Zero days credit for time served were provided, showing that [Defendant] did not serve any time prior to the sentencing in that case . . . ." (Mot. to Vacate 11). However, Defendant offers no evidence that this inference is correct, and his assertion is based merely on speculation of what should be interpreted from the zero-days of credit. *See United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996) (requiring "proof" rather than a "bare assertion" that counsel was ineffective). Without more, the Court cannot find that trial counsel provided ineffective assistance simply because Defendant's current counsel believes this to be a winning argument. This is especially true since prior counsel affirmatively challenged Defendant's five point history, though unsuccessfully. There being no deficient performance, Defendant fails to prove his claim under Ground 3.

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Writ of Habeas Corpus (ECF No. 91) and his Motion to Vacate (ECF No. 92) are DENIED.

IT IS SO ORDERED.

Dated: June 30, 2015

_____
ROBERT C. JONES
United States District Judge