UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>         v.<br><br>JOSHUA CROFT,<br><br>                          Defendant. | Case No. 2:13-cr-00019-KJD-DJA<br>             2:13-cr-00054-KJD-DJA<br><br><br>**ORDER** |

Presently before the Court is Defendant's Petition for Writ of Habeas Corpus Ad Testificandum (#221) and Emergency Motion for Judicial Recommendation Pursuant to 18 U.S.C. §§ 3621(b)(4) and 3624 (#241).[1] For the reasons stated below, Defendant's Petition for Writ of Habeas Corpus Ad Testificandum (#221) and Emergency Motion for Judicial Recommendation Pursuant to 18 U.S.C. §§ 3621(b)(4) and 3624 (#241) are dismissed as moot.

I.      Analysis

   **A. Petition for Writ of Habeas Corpus Ad Testificandum (#221)**

   Defendant's first motion requests this Court issue a writ of habeas corpus ad testificandum for the immediate transfer of him to a penal facility near the District of Nevada. (#221). The Government filed a response stating that it had requested the U.S. Marshal Service transport Defendant to the District of Nevada. (#222). Subsequently, the Government notified the Court that Defendant was scheduled to arrive in the District of Nevada on June 7, 2023. (#226). Defendant appeared before this Court on October 18, 2023. Since Defendant's request has been satisfied, the Court finds this motion moot.

   **B. Motion for Judicial Recommendation (#241)**

   Defendant's second motion requests that the Court make a judicial recommendation to the BOP that he serve his remaining custodial time in a community confinement facility. (#241, at 3). Although Defendant filed this motion as an "emergency," the Court found that he had failed

---

[1] Defendant has an accompanying case—2:13-cr-00054-KJD-DJA—where he has also filed a Petition for Writ of Habeas Corpus Ad Testificandum (#130) and Emergency Motion for Judicial Recommendation Pursuant to 18 U.S.C. §§ 3621(b)(4) and 3624 (#153). This Order applies to both cases.

to demonstrate (1) that he would be irreparably prejudiced if the motion is resolved according to the normal briefing schedule and (2) that he is without fault in creating the crisis necessitating emergency relief, or at the very least, that the crisis resulted from excusable neglect. (See #242, at 1). Based on this, the Court determined that the motion should be addressed according to the Court's standard briefing schedule. Id. at 2. However, after speaking with the Probation Office, the Court has determined that Defendant was released from custody on April 16, 2024. Consequently, the Court finds this motion moot.

II.   Conclusion

Accordingly, **IT IS THEREFORE ORDERED** that Defendant's Petition for Writ of Habeas Corpus Ad Testificandum (#221) and Emergency Motion for Judicial Recommendation Pursuant to 18 U.S.C. §§ 3621(b)(4) and 3624 (#241) are **DISMISSED** as **MOOT**.

Dated this 29th day of August 2024.

Kent J. Dawson
United States District Judge